# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF NORTH CAROLINA
## CHARLOTTE DIVISION
### Civil Action No. 3:21-cv-00310-RJC-DSC

| | |
|---|---|
| GINA HUNT, | )<br>) |
| Plaintiff, | )<br>) |
| v. | )<br>)  **STIPULATED PROTECTIVE ORDER** |
| INDUSTRIAL CONTAINER SERVICES-<br>NC LLC and INDUSTRIAL CONTAINER<br>SERVICES LLC, | )<br>)<br>)<br>) |
| Defendants. | ) |

Pursuant to Fed. R. Civ. P. 26(c), Plaintiff Gina Hunt ("Plaintiff") and Defendants Industrial Container Services-NC, LLC ("ICS-NC") and Industrial Container Services, LLC ("ICS") (collectively, the "Parties"), by and through their undersigned counsel of record, respectfully move the Court for the entry of this Stipulated Protective Order governing the disclosure, use, and dissemination of documents and information produced and disclosed during the course of discovery in this action. The Parties have determined that discovery in this action will call for the production and disclosure of "Confidential Information", as defined below. The Parties are willing to produce and/or disclose such Confidential Information during the course of discovery provided that: (a) such Confidential Information is discoverable and otherwise non-objectionable; and (b) the Party to whom such Confidential Information is produced or disclosed will be bound by the provisions of this Stipulated Protective Order (the "Order"). The Parties have further determined that it may be necessary to seek the production and disclosure of Confidential Information from non-party individuals and/or entities ("Third Parties"). The Parties agree that information obtained from any Third Parties that is designated as Confidential Information by any

Party and/or the Third Party shall be subject to this Order.

Accordingly, good cause having been shown within the meaning of Fed. R. Civ. P. 26(c), and it appearing that the Parties to this Action consent to entry of this Order, the Court hereby **ORDERS** as follows:

1. For purposes of this Order, "Confidential Information" shall mean any documents or electronically stored information produced, any oral or written statement made, and/or any oral or written answer given during the course of discovery that contains, discloses, or reveals: (a) confidential and proprietary business information that one or more of the Parties or any Third Party claims belongs to it, him, or her and that is not generally known by or easily ascertainable to competitors or the general public; (b) personal information that is of a sensitive and private nature relating to any of the Parties and/or to any of the Parties' respective employees or customers or any Third Party and/or any of the Third Party's respective employees or customers; (c) any of the Party's private medical information; and (d) any other type of information that is maintained by the disclosing Party or Third Party on a confidential basis, provided that the disclosing Party or Third Party has a legitimate interest in maintaining the confidentiality/privacy of said information.

2. Any document that a disclosing Party or Third Party contends contains Confidential Information shall be marked "Confidential" prior to its production or disclosure.

3. If any Party or Third Party wishes to designate as "Confidential" any documents that were produced by that Party or Third Party prior to the entry of this Order, that disclosing Party or Third Party shall have ten calendar days from the entry of this Order in which to do so. Within that ten calendar day period, a disclosing Party or Third Party may designate such previously produced documents as "Confidential" by providing counsel for all Parties with written notice of the Bates numbers of those documents that the disclosing Party or Third Party contends

are Confidential.  Alternatively, if the previously-produced documents were not Bates-numbered when they were produced, the disclosing Party or Third Party may designate previously-produced documents as "Confidential" by: (a) Bates-labeling and re-producing the complete set of documents with which the "Confidential" documents were originally produced; and (b) clearly marking as "Confidential" those documents in the re-produced set of documents that the disclosing Party or Third Party contends contains Confidential Information.  Nothing in this Paragraph of the Order shall be construed as excusing or waiving any Party's or Third Party's failure to raise a confidentiality objection to any request for production or other discovery request.  Nothing in this Order shall be construed as allowing or authorizing any Party or Third Party to withhold any document or information that is responsive to a discovery request on any basis that was not raised in a timely objection to the discovery request in question.  However, if a Party inadvertently produces documents or other materials that it considers to be Confidential Information without such designation, or otherwise wishes to change the designation to Confidential Information, the producing Party may subsequently designate such documents or other materials as "Confidential" by delivering written notice of such designation to the other Parties and such information shall be treated by the receiving Party as being so designated from the time the receiving Party is notified in writing of the change in designation.  It shall not be deemed a violation of this Order to have disclosed information consistently with an original designation or lack thereof, if such disclosure was made prior to a subsequent change in designation.  Any failure of the Parties to designate Confidential Information as such shall not be deemed a waiver, in whole or in part, of any claim of confidentiality or trade secret status, either as to the specific information disclosed or as to any other information relating thereto.

    4.       To the extent that matter stored or recorded in the form of electronic or magnetic

media (including information, files, databases, or programs stored on any digital or analog machine-readable device, computers, disks, networks or tapes) is produced in such form, the producing party may designate such material as Confidential Information by cover letter referring generally to such matter and by affixing (where possible) a label on the media or its casing indicating such designation. In the event anyone other than the producing Party generates a hard copy or printout from any disk so designated, each page of the hard copy or printout must be stamped immediately with the appropriate designation and treated pursuant to the terms of this Order.

5. Any interrogatory answer that a responding Party contends constitutes or discloses Confidential Information shall be segregated from the non-confidential answers and marked as "Confidential" prior to service upon the requesting Party.

6. Should any Party or Third Party believe that any deposition question calls for the disclosure of Confidential Information or that any deposition answer did, in fact, disclose Confidential Information, that Party or Third Party may direct the Court Reporter to mark the applicable portions of the transcript as "Confidential", and the Court Reporter shall prepare a separate transcript for any testimony so marked. Further, if a document that has been marked "Confidential" is introduced as a deposition exhibit, the testimony concerning that exhibit shall be designated as "Confidential" and said exhibit shall be affixed to the separate transcript that is created for the Confidential testimony. If a deposition is designated Confidential during the deposition, any person not permitted access to Confidential Information, as the case may be, shall immediately be excluded from the deposition room. Additionally, any Party or Third Party shall have fifteen calendar days following the receipt of any deposition transcript to designate as "Confidential" any portions of the transcript that were not so designated during the course of the

deposition. The entire deposition transcript and exhibits thereto shall be treated as "Confidential" under this Order from the time the deposition is taken until the expiration of the fifteen day period for making specific designations has expired.

7. Confidential Information that is designated as such pursuant to the terms of this Order may be used only in connection with the above-captioned case, and may be disclosed only to:

    a. The attorneys of record in this proceeding, associated attorneys who are employed by the law firms of record in this proceeding, legal assistants, paralegals, and other support staff who are employed by the law firms of record in this proceeding;

    b. Outside vendors utilized by the attorneys of record in this proceeding (including vendors used for copying, preparation of exhibits, document coding, image scanning, creation of a database using Confidential Information, and jury consulting), provided such vendors execute an Agreement to Be Bound By Protective Order;

    c. The Parties in this proceeding (including the Parties' respective officers, directors, agents, and/or employees);

    d. Any person who authored, received, or otherwise has been provided access (in ordinary course, outside the context of this litigation) to the Confidential Information;

    e. The United States District Court for the Western District of North Carolina, Charlotte Division and any court of competent appellate jurisdiction, as well as Court personnel;

f. Any court reporter or other stenographic reporter who is called upon to record or transcribe deposition testimony or other testimony in this case;

g. Expert witnesses and/or prospective expert witnesses (including persons requested by counsel to furnish technical or other expert services), provided that such witnesses execute an Agreement to Be Bound By Protective Order;

h. Any person who is called upon to assist counsel in counsel's understanding of relevant facts or to assist counsel in the preparation of his client's (or clients') case, provided that any such person who is not a Party to this case must execute an Agreement to Be Bound By Protective Order;

i. Any mediator who is engaged in assist the Parties in settlement negotiations on a confidential basis;

j. Any witness who has been disclosed to the other side as potentially testifying or possessing relevant information; and

k. Such other persons as hereafter may be designated by written stipulation of the Parties (or, in the case of Confidential Information disclosed by a Third Party, by written stipulation of the Parties and the Third Party) or by further Order of the Court on motion by any Party, provided such persons execute an Agreement to Be Bound By Protective Order.

8. The Parties (including their counsel) shall not give, show, disclose, make available, or communicate Confidential Information to any person, firm, corporation, or other entity not expressly authorized by this Order to receive such Confidential Information. The Parties (including their counsel) shall not use Confidential Information outside of the context of this case

or for any purpose other than this case.  However, nothing contained in this Order shall be construed as restricting or limiting any Party or Third Party with respect to that Party's or Third Party's own Confidential Information.

9. Prior to the first disclosure of Confidential Information to any person or entity listed in Paragraph 7 (except the Court pursuant to subparagraph 7(e)), counsel for the disclosing Party shall deliver a copy of this Order to the person or entity to whom disclosure will be made and explain its terms to such person.  Counsel for the Parties shall be responsible for maintaining a list of all persons to whom disclosure of Confidential Information is made subject to a requirement that an Agreement to Be Bound By Protective Order be executed by each such person.  The names of persons who have signed an Agreement shall not be discoverable except upon a showing of good cause and by Order of the Court.  No person given access to Confidential Information shall make copies, duplicates, extracts, summaries, or descriptions of such material, or any portion thereof, except for use in connection with this action, and each such copy is to be treated in accordance with the provisions of this Order.

10. A Party shall not be obligated to challenge the propriety of a Confidential Information designation at the time said designation is made, and failure to do so shall not preclude a subsequent challenge thereof.  In the event a Party objects to a Confidential Information designation under this Order, counsel for the objecting Party shall give written notice to counsel for the designating Party, identifying (by Bates-number or page/line number, where applicable) the designated document(s) or information to which it objects and its reasons for objecting.  The designating Party, within fifteen calendar days of receiving notice, shall consult with the objecting Party in a good faith attempt to resolve their differences.  If the Parties are unable to reach an accord as to the proper designation of the material, the objecting Party shall have the right to move

the Court for a determination concerning the Confidential nature of the document and/or information at issue. If a motion is made, any documents or other materials that have been designated as Confidential shall be treated accordingly until such time as the Court rules that such material should not be so treated.

11. The procedures set forth herein shall not affect the rights of the Parties or any Third Party to object to discovery on any grounds under the Federal Rules of Civil Procedure. Nor shall this Order relieve any Party or Third Party of the necessity of making a proper response and/or objection to discovery requests, nor shall it preclude any Party or Third Party from seeking further relief or protective orders from the Court as may be appropriate.

12. Within forty-five days after the final termination of this litigation (including exhaustion of any appellate proceedings that ensue), all documents, transcripts, or other materials afforded Confidential treatment pursuant to this Order (including any copies thereof and any extracts, summaries, or compilations taken therefrom), in the possession of or under the control of any Party or employee or officer thereof, retained expert or other person described in Paragraph 7 hereof, shall be destroyed. The Parties' counsel shall maintain a complete copy of the client file in accordance with applicable ethical obligations. However, such file shall continue to be treated pursuant to the terms of this Order. Upon the request of counsel for the designating Party, counsel signing this Stipulated Protective Order shall provide a letter affirming compliance with the requirements of this Paragraph.

13. The inadvertent or unintentional disclosure of any Confidential Information by any Party or Third Party shall not be construed to be a waiver, in whole or in part, of that Party's or Third Party's claims of confidentiality either as to the specific Confidential Information disclosed or as to any other related information. If Confidential Information is disclosed by the receiving

Party in violation of this Order, the receiving Party shall promptly upon learning that the Order was violated, inadvertently or otherwise, inform the designating Party of all pertinent facts relating to the disclosure, and shall make every reasonable effort to prevent any further disclosure in violation of the Order, including any disclosure by any person who received any Confidential Information in violation of this Order.

14. The inadvertent production of documents subject to the attorney-client privilege or the attorney work-product doctrine, or any other ground on which production should not be made, will not waive such privileges or protections; provided, however, that this Order shall not prevent any Party from moving to compel production of allegedly privileged documents on any grounds recognized by law. Upon a request from a producing Party that has inadvertently produced any document that it believes may be subject to the attorney-client privilege or attorney work-product doctrine, or other protections, a receiving Party shall immediately return such document, including any summaries and copies thereof that may have been made or distributed, to the producing Party within five business days of receipt of such notice and shall be barred from using that material or any copies thereof, or any information derived therefrom, in the action or otherwise. Nothing herein, however, shall prevent the receiving Party from moving on such grounds as are recognized by law (other than inadvertent production of such material) for an order challenging the designation of such material as privileged or protected material, and may attach to the motion copies of the material in question; provided, however, that any such motion shall be filed under seal.

15. The provisions of this Order will not affect or limit the use or admissibility, under seal, of evidence at trial, at any interlocutory injunction hearing, in any motion, or at any other evidentiary proceeding or hearing in open court, except as directed by separate order entered for

good cause shown.

16. Entering into, agreeing to, and/or producing Confidential Information pursuant to, or otherwise complying with, the terms of this Order shall not:

   a. operate as an admission by any Party that any particular Confidential Information contains or reflects trade secrets or any other type of confidential or proprietary information;

   b. prejudice in any way the rights of the Parties to object to the production of documents they consider not subject to discovery, or operate as an admission by any Party that the terms and procedures set forth herein constitute adequate protection for any particular information deemed by any Party to be Confidential Information;

   c. prejudice in any way the rights of any Party to object to the authenticity or admissibility into evidence of any document, testimony, or other evidence subject to this Order;

   d. prejudice in any way the rights of a Party as to whether any Confidential Information should be subject to the terms of this Order; or

   e. prejudice in any way the rights of a Party to petition the Court for a further protective order relating to any purportedly Confidential Information.

17. The Parties agree to be bound by the terms of this Order pending the entry of the Order by the Court, and any violation of its terms shall be subject to the same sanctions and penalties as if this Order had been entered by the Court.

18. This Order shall be effective immediately and the Court's jurisdiction to enforce the terms of this Order shall continue past the conclusion of this action.

19. The Court may impose appropriate sanctions for the disclosure of Confidential Information in violation of this Order.

**SO ORDERED**.

Signed: November 2, 2021

David S. Cayer
United States Magistrate Judge

Consented To By:

| **HERRMANN & MURPHY, PLLC** | **HOLLAND & KNIGHT, LLP** |
|---|---|
| s/ Kevin P. Murphy | s/ Sarah G. Passeri |
| Sean F. Herrmann | Sarah G. Passeri |
| North Carolina Bar No. 44453 | North Carolina Bar No. 53230 |
| sean@herrmannmurphy.com | sarah.passeri@hklaw.com |
| Kevin P. Murphy | 101 S. Tryon Street |
| North Carolina Bar No. 41467 | Suite 3600 |
| kevin@herrmannmurphy.com | Charlotte, North Carolina 28280 |
| 1712 Euclid Avenue | Telephone: (980) 215-7770 |
| Charlotte, North Carolina 28203 | Facsimile: (980) 215-7771 |
| Telephone: (704) 940-6399 | |
| Facsimile: (704) 940-6407 | -and- |
| *Attorneys for Plaintiff* | Todd D. Wozniak* |
| | Georgia Bar No. 777275 |
| | todd.wozniak@hklaw.com |
| | Megan C. Eckel* |
| | Georgia Bar No. 542556 |
| | megan.eckel@hklaw.com |
| | Regions Plaza, Suite 1800 |
| | 1180 West Peachtree Road NE |
| | Atlanta, Georgia 30309 |
| | Telephone: (404) 817-8500 |
| | Facsimile: (404) 881-0470 |
| | |
| | *Admitted pro hac vice |
| | *Attorneys for Defendant*s |